**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FEDERAL HOME LOAN MORTGAGE** | § | |
| **CORPORATION,** | § | |
|       **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-3898-N |
| | § | |
| **TROY TANNER, and ALL OCCUPANTS** | § | |
| **of 3305 Count Drive, Keller, Texas 76244,** | § | |
|       **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case was automatically referred for pretrial management. Before the Court is *Plaintiff's Motion to Remand to Proceeding*, filed October 1, 2012 (doc. 5). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

This case involves real property located at 3305 Count Drive, Keller, Texas 76244 (Property). (doc. 3 at 10.)[1] Federal Home Loan Mortgage Corporation (Plaintiff) purchased the Property at a non-judicial foreclosure sale on February 7, 2012. (doc. 5 at 1.) Although it is unclear from the parties' pleadings, Jose Cadena (Defendant) appears to be a former occupant of the Property who remained there after its foreclosure.[2] (*See* docs. at 3 at 1; 8 at 2.) The parties do not

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Troy M. Tanner was the named defendant in the state court action and is listed as the "borrower" in the deed of trust under which the Property was foreclosed. (*See* docs. 3 at 11; 5 at 9.) Although the removal notice initially names Monica Arndt as the defendant, both the removal notice and the response to Plaintiff's motion are signed by Jose Cadena. (*See* docs. 3 at 3; 6 at 6.) Because he signed the pleadings, and because he may not represent any other defendant, Jose Cadena is designated as the defendant in this case. *See* 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978)("[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis"); *Guajardo v. Luna*, 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

have a landlord-tenant relationship.

On August 1, 2012, Plaintiff filed a petition for forcible detainer in a Justice of the Peace Court of Tarrant County, Texas. (doc. 5 at 2.) On August 14, 2012, the justice court issued a favorable ruling and awarded possession of the Property to Plaintiff. (*Id.*) On August 22, 2012, Defendant requested a *de novo* appeal to the Tarrant County Court at Law No. 1, and removed the appeal to this court on September 27, 2012 claiming diversity jurisdiction under 28 U.S.C. § 1332. (*See* docs. 3 at 1–2; 5 at 2.)

In his removal notice, Defendant alleges "there is complete diversity of citizenship between Plaintiff and Defendants," but he fails to specify the parties' respective citizenship.[3] (*See* doc. 3 at 2.) He also alleges that the amount in controversy exceeds $75,000 because the value of the object of the litigation is $206,000, i.e., the current fair market value of the Property according to the Tarrant Central Appraisal District. (*Id.*)

On October 1, 2012, Plaintiff moved to remand this case to the state court for lack of subject matter jurisdiction. (*See* doc. 5.) Defendant filed a response (doc. 7), Plaintiff filed a reply (doc. 8), and the motion is now ripe for recommendation.

## II. ANALYSIS

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution,

---

[3] The party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). In his response to Plaintiff's motion, Defendant asserts there is complete diversity because he and all occupants of the Property are citizens of Texas and Plaintiff is a citizen of Virginia. (doc. 7 at 4.)

2

laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. *Id.* § 1332(a).

To determine whether federal jurisdiction exists, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Additionally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

**A.     Federal Question Jurisdiction**

Plaintiff first argues that Defendant has failed to establish federal question jurisdiction because Plaintiff's petition for forcible detainer "raises no federal claim or issue." (doc. 5 at 4.)

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance

3

of federal and state judicial responsibilities." *Id.* at 338.

Here, Plaintiff's well-pleaded complaint does not present a federal question because it states a post-foreclosure forcible detainer action seeking possession of the Property that arises solely under state law. *See MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (holding that federal question jurisdiction exists "only ... if the federal question appears on the face of the plaintiff's well-pleaded complaint" and that "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action"), *cert. denied*, 537 U.S. 1046 (2002); *see also Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (holding that a forcible detainer action to evict occupants and obtain physical possession of property under § 24.004 of the Texas Property Code arises "simply ... under state law"); *accord Bank of N.Y. Trust Co. N.A. v. Olds*, No. 3-08-CV-0630-K, 2008 WL 2246942, at *2 (N.D. Tex. May 30, 2008).

Defendant contends in his response that Plaintiff's petition for forcible detainer "alleges a cause of action under … 15 U.S.C. 1681 [the federal Fair Credit Reporting Act or FCRA]." (doc. 7 at 2.) While a cause of action under the FCRA relates to the accuracy and fairness of credit reporting, Plaintiff's complaint seeks only the possession of the Property; it does not contain any allegations about credit reporting. *See* 15 U.S.C. § 1681; (*see also* doc. 3 at 11.) Defendant's allegation cannot provide the basis for federal question jurisdiction because it was not raised in Plaintiff's complaint. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam) (holding that to establish federal question jurisdiction, "[i]t is not sufficient for the federal question to be raised in the answer or in the petition for removal")(citing to *MSOF Corp.*, 295 F.3d at 490).

To the extent that Defendant makes this allegation as an anticipated defense or counterclaim to Plaintiff's forcible detainer suit, this likewise cannot be considered in determining whether federal

4

question jurisdiction exists. *See Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *Elliot*, 2010 WL 4627833, at *3 (explaining that even if a federal statute "supplied a federal defense" for the plaintiff in a forcible detainer suit, "it would still be insufficient for federal jurisdiction because [the] *Plaintiff's pleadings* must raise the federal claim or issue") (emphasis in original); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim" because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction").

Defendant has failed to show either that Plaintiff's petition for forcible detainer present a federally-created cause of action or that its right to possess the Property depends on the resolution of a substantial question of federal law. Accordingly, he has not met his burden to show that federal question jurisdiction exists over this case.

**B.     Diversity Jurisdiction**

Plaintiff contends that the amount-in-controversy requirement for diversity jurisdiction has not been met because the amount in controversy in forcible detainer actions is not the value of the property, but the right to possess it, and Defendant has offered no evidence showing that the value of his right to possess the Property exceeds the jurisdictional amount. (doc. 5 at 7.)

The amount-in-controversy threshold is a necessary element that must be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). In motions to remand, the amount in controversy is determined from the plaintiff's perspective. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *2 (S.D. Tex. Mar. 23, 2012). The defendant, as the removing party, bears the burden of establishing

by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). He may satisfy this burden by demonstrating that it is facially apparent from the plaintiff's petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Courts have held that in the context of forcible detainer actions involving foreclosed property, the amount in controversy is not the value of the property, but rather, the value of the right to possess it. *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012) (collecting cases), *report and recommendation adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012). By contrast, when the ownership and title to property is at issue, the property itself is the object of the litigation and its value is the proper measure of the amount in controversy. *Burr*, 2012 WL 1016121, at *3; *accord McDonald v. Deutsche Bank Nat. Trust Co.*, No. 3:11-CV-2691-B, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) ("When 'a right to property is called into question *in its entirety*, the value of the property controls the amount in controversy.'") (emphasis added).

In this case, the only issue raised by Plaintiff's forcible detainer action is the right to possess the Property. Plaintiff does not seek money damages, dispute the title to the Property, or seek any debt related to it. (*See* doc. 3 at 11.) Because Defendant has not provided any evidence establishing the value of his right to possess the Property, he has not met the amount-in-controversy requirement for diversity jurisdiction. *See Talley*, 2012 WL 4005910, at *3.

**C.     Forum Defendant Rule**

Plaintiff also argues that even if complete diversity of citizenship exists in this case, removal

was still improper because Defendant concedes that he and all occupants of the Property are citizens of Texas.  (doc. 5 at 6.)

Section § 1441(b) provides that an action may be removed on the basis of diversity only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  This provision is often referred to as the "forum-defendant rule."  *See In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 391 (5th Cir. 2009).  Under this rule, "a case cannot be removed based on diversity jurisdiction—even if the parties are completely diverse—if any properly-joined defendant is a citizen of the state in which the action is brought." *Moore v. Travelers Indem. Co.*, No. 3:10-CV-1695-D, 2010 WL 5071036, at *3 (N.D. Tex. Dec. 7, 2010) (Fitzwater, C.J.).

Because Defendant claims that he and all occupants of the Property are citizens of Texas, and he removed this case on the basis of diversity to a federal court sitting in Texas, removal was improper pursuant to § 1441(b).  *See Talley*, 2012 WL 4005910, at *3; *Petro Star, Inc. v. Samshin, Ltd.*, 2011 WL 1740212, at * 1 (S.D. Tex. May 4, 2011).

In conclusion, Defendant has not provided a basis for exercising subject-matter jurisdiction over this case and remand is required.

### III. RECOMMENDATION

Plaintiff's motion to remand should be **GRANTED**, and the case should be remanded to Tarrant County Court at Law No. 1.

**SO RECOMMENDED** on this 5th day of December, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                IRMA CARRILLO RAMIREZ
                                                               UNITED STATES MAGISTRATE JUDGE